IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PRECISION CPAP, INC.; MEDICAL PLACE, INC.; PHASE III VANS, INC., d/b/a EAST MEDICAL EQUIPMENT AND SUPPLY; and MED-EX, <br><br>Plaintiffs, <br><br>vs. <br><br>JACKSON HOSPITAL; MED-SOUTH, INC.; JMS HEALTH SERVICES, L.L.C., d/b/a JACKSON MED-SOUTH HOME HEALTH, L.L.C.; BAPTIST HEALTH, INC.; AMERICAN HOME PATIENT, INC.; BAPTIST VENTURES - AMERICAN HOME PATIENT, <br><br>Defendants. | ) ) ) ) ) ) ) ) ) Civil Action No. 2:05-CV-1096-MHT-DRB ) ) ) ) ) ) ) ) ) ) ) |

**MOTION FOR ORDER THAT JOINT DEFENSE ACTIVITIES
ARE NOT EVIDENCE OF VIOLATION OF ANTITRUST LAWS**

COME NOW Defendants, by and through their respective counsel, and move this Honorable Court for an Order directing that neither Defendants' cooperation and communication with one another in the defense of this action, nor Defendants' sharing of expert and other defense costs, nor Defendants' filing of joint pleadings, nor representation by common counsel, nor any other actions by Defendants to provide efficiencies in the defense of this action, shall be considered as evidence of conspiracy among any of the Defendants, or of any other violation of the federal or state antitrust laws raised in Plaintiffs' complaint. In support of this motion, Defendants state as follows:

1.   In this action, Plaintiffs have alleged, *inter alia*, that Defendants have contracted, combined and conspired in violation of both federal and state antitrust laws.

2.   To preserve resources of the parties and the Court, Defendants seek to jointly defend these allegations, and to coordinate, communicate and cooperate with one another to that end. Such coordination efforts would possibly include the filing of joint pleadings and other papers, the sharing of costs of litigation, including the retention of experts, and other activities that accompany the joint defense of litigation, particularly where allegations of conspiracy are involved.

3.   Defendants seek an Order that makes clear that such actions taken to promote efficiencies in litigation cannot later be used as evidence by Plaintiffs to prove their allegations that Defendants have contracted, combined or conspired with one another.

4.   It cannot be disputed that defendants accused of conspiring with one another are afforded the right to jointly defend the allegations against them, and that "confidential communications made during joint defense strategy sessions are privileged." *United States v. Almeida*, 341 F.3d 1318, 1323 (11th Cir. 2003) (citing *Wilson P. Abraham Const. Corp. v. Armco Steel Corp.*, 559 F.2d 250, 253 (5th Cir. 1977)) ("[W]hen information is exchanged between various co-defendants and their attorneys . . . this exchange is not made for the purpose of allowing unlimited publication and use, but rather, the exchange is made for the unlimited purpose of assisting in their common cause.").

5.   The sharing of costs of litigation is not evidence of an antitrust violation. *See, e.g., Gould v. Control Laser Corp.*, 462 F. Supp. 685, 692-93 (M.D. Fla. 1978)

6.      In addition, the retention of common counsel in the joint defense of litigation is not evidence of conspiracy or any antitrust violation. *See, e.g., Lemelson v. Bendix Corp.*, 621 F. Supp. 1122, (D. Del. 1985) ("If antitrust immunity for actions taken in connection with a joint defense is to have any meaning, it must include immunity for the actions of counsel and those who rely on counsel's advice so long as their actions fall within the legitimate scope of a joint defense.")

7.      In *California Motor Transport Co. v. Trucking Unlimited*, 404 U.S. 508, 510-11 (1972), the Supreme Court of the United States held that "it would be destructive of rights of association and of petition to hold that groups with common interests may not, without violating the antitrust laws, use the channels and procedures of state and federal agencies and courts to advocate their causes and points of view respecting resolution of their business and economic interests vis-a-vis their competitors." *Id.* at 510-11 (recognizing that *Noerr-Pennington* immunity to conduct associated with litigation). The *Noerr-Pennington* immunity recognized in *California Motor Transit*, applies equally to joint prosecution and joint defense of litigation. *See, e.g., Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*, 513 F. Supp. 1100, 1157 (E.D. Pa. 1983)*, rev'd in part on other grounds*, 723 F.2d 238 (3d Cir. 1983).

8.      The undersigned has conferred with Plaintiffs' counsel prior to the filing of this motion, and was informed that Plaintiffs do not object to this motion.

WHEREFORE, Defendants seek an Order directing that neither Defendants' cooperation and communication with one another in the defense of this action, nor Defendants' sharing of expert and other defense costs, nor Defendants' filing of joint pleadings, nor representation by common counsel, nor any other actions by Defendants to provide efficiencies in the defense of

this action, shall be considered as evidence of conspiracy among any of the Defendants, or of any other violation of the federal or state antitrust laws raised in Plaintiffs' complaint

Respectfully submitted this the 13th day of January, 2006.

    s/ James E. Williams
James E. Williams / ASB-9283-W84J
One of the Attorneys for Defendants
**Baptist Health, American Home Patient, Inc. and Baptist Ventures-American Home Patient**
Melton, Espy & Williams, PC
301 Adams Avenue
Montgomery, AL 36104
Telephone:     (334) 263-6621
Facsimile:     (334) 269-9515
jwilliams@mewlegal.com

    s/Glenn B. Rose
Glenn B. Rose
One of the Attorneys for Defendants
**Baptist Health, American Home Patient, Inc. and Baptist Ventures-American Home Patient**
Harwell, Howard, Hyne, Gabbert & Manner, P.C.
315 Deaderick Street, Suite 1800
Nashville, TN 37238
Telephone: (615) 251-1071
Fax: (615) 251-1059
gbr@h3gm.com

    s/ Dennis R. Bailey
Dennis R. Bailey / ASB-4845-I71D
One of the Attorneys for Defendants
**Jackson Hospital; JMS Health Services, L.L.C. dba Jackson Med-South Home Health L.L.C.**
Rushton, Stakely, Johnston & Garrett, P.A.
184 Commerce Street
Montgomery, AL 36104
Telephone:     (334) 206-3100
Facsimile:     (334) 262-6277
drb@rsjg.com

        s/ Mike Carlson
        Mike Carlson / ASB-5825-A62W
        One of the Attorneys for Defendants
        **JMS Health Services, L.L.C. dba Jackson Med-South Home Health L.L.C. and Med-South, Inc.**
        William Carlson & Associates, P.C.
        Post Office Box 660955
        Birmingham, AL 35266
        Telephone:   (205) 823-1842
        Facsimile:   (205) 823-8242
        wtcpilot@bellsouth.net

## CERTIFICATE OF SERVICE

I hereby certify that on this the 13th day of January, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notice of such filing to the following:

*Attorney for Plaintiffs*:
Brian M. Clark
Wiggins, Childs, Quinn & Pantazis
The Kress Building
301 19th Street North
Birmingham, AL 35203
bclark@wcqp.com

        s/ James E. Williams
        James E. Williams / ASB-9283-W84J
        One of the Attorneys for Defendants
        **Baptist Health, American Home Patient, Inc. and Baptist Ventures-American Home Patient**
        Melton, Espy & Williams, PC
        301 Adams Avenue
        Montgomery, AL 36104
        Telephone:   (334) 263-6621
        Facsimile:   (334) 269-9515
        jwilliams@mewlegal.com