IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| PRECISION CPAP, INC.; et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 2:05-CV-1096-MHT-DRB |
| | ) | |
| JACKSON HOSPITAL; et al. | ) | |
| | ) | |
| Defendants. | ) | |

**RULE 26(f) REPORT OF PARTIES' PLANNING MEETING**

1. Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on February 23 and 24, 2006, via conference calls attended by:

    James E. Williams for Defendants Baptist Health, American Home Patient, Inc., and Baptist Ventures-American Home Patient.

    Glenn B. Rose for Defendants American Home Patient, Inc. and Baptist Ventures-American Home Patient

    Dennis R. Bailey for Defendants Jackson Hospital; JMS Health Services, L.L.C. dba Jackson Med-South Home Health L.L.C.

    Brian M. Clark for Plaintiffs

2. Prediscovery disclosures: The parties will exchange by March 31, 2006, the information required by Fed. R. Civ. P. 26(a)(1).

3. Discovery Plan: The parties jointly propose to the Court the following discovery plan:

    a. Discovery will be needed on the following subjects prior to additional discovery on the merits of Plaintiffs' claims: (1) whether the activities of

      which Plaintiffs complain have a substantial impact on interstate commerce; (2) definition of the relevant product market; (3) definition of the relevant geographic market; (4) Plaintiffs' antitrust standing; (5) statute of limitations ("Preliminary Issues").

b.   All non-expert discovery on Preliminary Issues must be commenced in time to be completed by September 1, 2006.

c.   Reports from retained experts under Rule 26(a)(2) related to any Preliminary Issues due from Plaintiffs by August 1, 2006, and Plaintiffs to make experts available for deposition on Preliminary Issues no later than September 15, 2006.

d.   Reports from retained experts under Rule 26(a)(2) related to any Preliminary Issues due from Defendants by October 1, 2006. Defendants to make experts available for deposition on Preliminary Issues no later than November 15, 2006.

e.   Discovery will also be needed on the following additional subjects: (1) whether any Defendant had market power and/or monopoly power in the relevant market; (2) whether a conspiracy existed between or among Defendants that unreasonably restrained competition in the relevant market; (3) whether a "coercive reciprocity agreement" existed between or among Defendants that unreasonably restrained competition in the relevant market; (4) whether there was a "concerted refusal to deal" by Defendants that unreasonably restrained trade in the relevant market; (5) whether any

        Defendant wilfully acquired and/or maintained monopoly power in the relevant market; (6) whether any Defendant had the intent to bring about a monopoly in the relevant market; (7) whether any Defendant had a dangerous probability of success of acquiring monopoly power in the relevant market; (8) propriety of injunctive relief sought; (9) damages; (10) all claims and defenses asserted in the action ("Merits Issues").

f.    All non-expert discovery on Merits Issues must be commenced in time to be completed within 210 days following ruling on motions related to Preliminary Issues (if ruling is not dispositive).

g.    Reports from retained experts under Rule 26(a)(2) related to any Merits Issues due from Plaintiffs 30 days following close of non-expert discovery on Merits Issues, and Plaintiffs to make experts available for deposition on Merits Issues within 30 days of serving Plaintiffs' expert reports.

h.    Reports from retained experts under Rule 26(a)(2) related to any Merits Issues due from Defendants within 30 days following completion of depositions of Plaintiffs' experts on Merits Issues, and Defendants to make experts available for deposition on Merits Issues no later than 30 days of serving Defendants' expert reports.

i.    Supplementations under Rule 26(e) due within 14 days of the last deposition of Defendants' experts.

j.    Maximum of 40 interrogatories by each party to any other party.

k.    Responses to interrogatories due thirty (30) days after service.

   l. Maximum of twenty (20) requests for admission by each party to any other party.

   m. Responses to requests for admission due thirty (30) days after service.

   n. No limit on number of requests for production.

   o. Responses to requests for production due thirty (30) days after service.

   p. Maximum of fifteen (15) depositions by plaintiff and fifteen (15) by defendants. Each deposition limited to a maximum of seven (7) hours unless extended by agreement of the parties.

4. Other items:

   a. The parties request a conference with the Court before entry of the scheduling order. The parties request a pre-trial conference and hearing on motions in limine at least thirty (30) days before trial.

   b. Plaintiffs should be allowed until August 1, 2006, to join additional parties and amend pleadings.

   c. Defendants should be allowed until thirty (30) days following any addition of parties or amendments to pleadings by Plaintiffs to join additional parties and amend pleadings.

   d. Motions related to Preliminary Issues should be filed by December 15, 2006. Responses to motions on Preliminary Issues should be filed by January 15, 2007. Replies in support of motions on Preliminary Issues should be filed by February 1, 2007. Defendants agree that no motion relating to any issues not identified as a preliminary issue will be filed before December 15, 2006.

e.  Dispositive motions relating to merits issues should be filed within 28 days of the last deposition of Defendants' experts. Responses to dispositive motions should be filed within 28 days of filing of dispositive motions. Replies in support of dispositive motions should be filed within 14 days of filing of responses to dispositive motions.

f.  The possibility of settlement cannot be evaluated until further discovery has been conducted by the parties.

g.  Final lists of witnesses and exhibits under Rule 26(a)(3) should be due from the parties ninety (90) days before trial.

h.  Parties should have 14 days after service of final lists of witnesses and exhibits to file objections under Rule 26(a)(3) and to file motions in limine.

i.  The case should be ready for jury trial within one year of the Court's ruling on preliminary issues and, at this time is expected to take approximately two to four weeks depending on the Court's ruling on the preliminary issues and dispositive motions.

j.  Counsel for Plaintiffs and Defendants have agreed to and authorized the filing of this report by James E. Williams, Counsel for Baptist Health, American Home Patient, Inc. and Baptist Ventures-American Home Patient.

Done this 24th day of February, 2006.

        s/ James E. Williams
        James E. Williams / ASB-9283-W84J
        One of the Attorneys for Defendants
        **Baptist Health, American Home Patient, Inc.**
        **and Baptist Ventures-American Home Patient**
        Melton, Espy & Williams, PC
        301 Adams Avenue
        Montgomery, AL 36104
        Telephone:    (334) 263-6621
        Facsimile:    (334) 269-9515
        jwilliams@mewlegal.com

        s/ Glenn B. Rose
        Glenn B. Rose (TN Bar 010598)
        One of the Attorneys for Defendants
        **American Home Patient, Inc.**
        **and Baptist Ventures-American Home Patient**
        Harwell Howard Hyne Gabbert & Manner, PC
        315 Deaderick Street, Suite 1800
        Nashville, TN 37238
        Telephone:    (615) 256-0500
        Facsimile:    (615) 251-1059
        gbr@h3gm.com

        s/ Dennis R. Bailey
        Dennis R. Bailey / ASB-4845-I71D
        One of the Attorneys for Defendants
        **Jackson Hospital; JMS Health Services, L.L.C.**
        **dba Jackson Med-South Home Health L.L.C.**
        Rushton, Stakely, Johnston & Garrett, P.A.
        184 Commerce Street
        Montgomery, AL 36104
        Telephone:    (334) 206-3100
        Facsimile:    (334) 262-6277
        drb@rsjg.com

        s/ Mike Carlson
        Mike Carlson / ASB-5825-A62W
        One of the Attorneys for Defendants
        **JMS Health Services, L.L.C. dba Jackson Med-South Home Health L.L.C. and Med-South, Inc.**
        William Carlson & Associates, P.C.
        Post Office Box 660955
        Birmingham, AL 35266
        Telephone:   (205) 823-1842
        Facsimile:   (205) 823-8242
        wtcpilot@bellsouth.net

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this the 24th day of February, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notice of such filing to the following:

*Attorneys for Plaintiffs*:
Brian M. Clark
Wiggins, Childs, Quinn & Pantazis
The Kress Building
301 19th Street North
Birmingham, AL 35203
bclark@wcqp.com

Dwayne L. Brown, Esq.
5926 Carmichael Road
Suite C
Montgomery, AL 36123-0205
dbrown@dbrownatty.com

        s/ James E. Williams
        James E. Williams / ASB-9283-W84J
        One of the Attorneys for Defendants
        **Baptist Health, American Home Patient, Inc. and Baptist Ventures-American Home Patient**
        Melton, Espy & Williams, PC
        301 Adams Avenue
        Montgomery, AL 36104
        Telephone:   (334) 263-6621
        Facsimile:   (334) 269-9515
        jwilliams@mewlegal.com