Westlaw

Not Reported in F.Supp.  Page 1
Not Reported in F.Supp., 1993 WL 593995 (D.Minn.), 1994-1 Trade Cases P 70,485
**(Cite as: Not Reported in F.Supp.)**

H

United States District Court, D. Minnesota, Third Division.
NORTHWEST TITLE AND ESCROW CORP.
v.
EDINA REALTY, INC., Equity Title Services, Inc., Metropolitan Financial Corp., Burnet Realty, Inc., Coldwell Banker Residential Holding Co., Coldwell Banker Residential Real Estate, Coldwell Banker Residential Affiliates, Inc., and Guardian Title Services Co.
**Civ. No. 3-93-436.**

Dec. 11, 1993.

Memorandum and Order

MAGNUSON, District Judge.

I. *Introduction*

**\*1** This matter is before the Court upon Defendants' Motion to Dismiss under Fed.R.Civ.P. 12(b)(6). For the following reasons, the Court grants Defendants' motion.

II. *Background*

Plaintiff sells residential title insurance and provides settlement services throughout Minnesota. Title insurance, which protects an owner or lender against defects in the title to real property, may be sold in Minnesota only by licensed title insurance companies or by authorized and licensed agents of those companies. Most mortgage lenders require borrowers to purchase title insurance as a condition for obtaining loans for the purchase of real property. Settlement services include the preparation of documents involved in the transfer of real property.

Defendants Equity Title Services, Inc. and Burnet Realty, Inc., doing business as First Security Title and Guardian Title, also provide settlement services and sell title insurance in Minnesota and are competitors of Plaintiff. These Defendants are each affiliated with a company that performs sales brokerage services for prospective buyers and sellers of homes. Equity Title is a subsidiary of Defendant Metropolitan Financial Corporation, which also owns Defendant Edina Realty, a real estate brokerage firm that has contractual relationships with numerous real estate agents. Burnet Realty is also a real estate brokerage firm with contractual relationships with hundreds of real estate agents. Defendants Coldwell Banker Residential Holding Company and Coldwell Banker Residential Affiliates, Inc. (collectively referred to as "Coldwell Banker") are affiliated with Guardian Title and maintain franchises in the Twin Cities area.

Plaintiff alleges that Defendants have engaged in anticompetitive behavior in violation of federal and state antitrust laws (Counts One through Five). Plaintiff also brings claims of Minnesota Deceptive Trade Practices Act violations (Count Six), tortious interference with business relations (Count Seven), and intentional interference with prospective contractual relations (Count Eight). Defendants move to dismiss Plaintiff's Complaint on the grounds that it fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6).

III. *Discussion*

For the purposes of the Defendant's Motion to Dismiss, the Court takes all facts alleged in Plaintiff's Complaint as true. Westcott v. Omaha, 901 F.2d 1486, 1488 (8th Cir.1990). Further, the Court must construe the allegations in the Complaint and reasonable inferences arising from the Complaint favorably to Plaintiff. Morton v. Becker, 793 F.2d 185, 187 (8th Cir.1986). A motion to dismiss will be granted only if "it appears beyond doubt that the Plaintiff can prove no set of facts which would entitle him to relief." *Id.*; see Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The Court applies those standards in the following discussion.

A. *Count One*

In Counts One through Four, Plaintiff alleges violations of Section One of the Sherman Act, 15 U.S.C. § 1, which prohibits conspiracies in restraint of trade.[FN1] To withstand a motion to dismiss on a Section One claim, Plaintiff must plead an agreement or conspiracy. Copperweld Corp. v. Independence Tube Corp. [1984-2 Trade Cases ¶ 66,065], 467 U.S.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 2:05-cv-01096-MHT-TFM     Document 28-3     Filed 03/24/2006     Page 2 of 3

Not Reported in F.Supp.                                                                                                                         Page 2
Not Reported in F.Supp., 1993 WL 593995 (D.Minn.), 1994-1 Trade Cases  P 70,485
**(Cite as: Not Reported in F.Supp.)**

752 (1984). It must show that the Defendants "had a conscious commitment to a common scheme designed to achieve an unlawful objective." Monsanto Co. v. Spray-Rite Serv. Corp. [1984-1 Trade Cases ¶ 65,906], 465 U.S. 752, 764 (1984). Plaintiff must go further than merely alleging a conspiracy existed, for " 'a bare bones [accusation] of conspiracy ... without any supporting facts' is insufficient to state an antitrust claim." TV Communications Network, Inc. v. Turner Network Television, Inc. [1992-1 Trade Cases ¶ 69,825], 964 F.2d 1022, 1026 (10th Cir.1992) (quoting Mountain View Pharmacy v. Abbott Labs., 630 F.2d 1383, 1388 (10th Cir.1990)) (alterations in original); see also Five Smiths, Inc. v. National Football League Players Ass'n, 788 F.Supp. 1042, 1048 (D.Minn.1992) ("general allegations of conspiracy, without a statement of 'the facts constituting the conspiracy, its objects, and accomplishment' are inadequate to state a cause of action"). Merely invoking antitrust "buzz words" such as "boycott" and "coercive reciprocity" will not suffice. See T.V. Communications, 964 F.2d at 1026.

**\*2** This "buzz word" tactic is exactly the approach Northwest Title has used in this case, and it is a tactic that cannot succeed. With respect to Count One, Plaintiff has failed to allege a horizontal conspiracy between Defendants, which it refers to only collectively and not by identifying any particular roles as conspirators. See *Carlock v. Pillsbury Co.,* [1993-1] Trade Cases (CCH) ¶ 70,282 (D.Minn. Oct. 13, 1988). Because the Plaintiff makes no specific allegations but instead only makes vague accusations of a "boycott" and "coercive reciprocity" against Defendants, Plaintiff has failed to state a proper legal claim in Count One. Therefore, Count One is dismissed without prejudice.

B. *Counts Two and Three*

In Counts Two and Three, Plaintiff claims that Defendants violated the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2601 *et seq.,* and thereby committed "per se" violations of the antitrust laws. These counts also fail to state a claim upon which relief can be granted. First, Congress did not confer standing under RESPA upon competing title insurers and settlement service providers. Only the individual charged for the settlement service or the buyer has standing under the statute. 12 U.S.C. § § 2607(d)(2), 2608(b). "RESPA's specifically conferred private causes of action for one class of plaintiffs directly negates any possible implication of a like cause of action for plaintiffs such as [competitors], who are not a part of that class." *Mid-America Title v. Chicago Title Ins. Co.* (N.D.Ill. Apr. 18, 1989).

Second, contrary to Plaintiffs arguments, a violation of RESPA does not constitute a violation of Section One of the Sherman Act. Antitrust laws, as distinguished from other consumer protection laws such as RESPA, focus directly on the anticompetitive effects of actions taken by market participants. See Nat'l Soc'y of Professional Eng'rs v. United States [1978-1 Trade Cases ¶ 61,990], 435 U.S. 679, 690-92 (1978) (antitrust analysis "confined to a consideration of impact on competitive conditions"). "Conduct not within the scope of the [Sherman] Act is not made into an antitrust violation by accompanying conduct which is reprehensible under some moral or ethical standard or even illegal under some other law." Sitkin Smelting & Ref. Co. v. FMC Corp. [1978-1 Trade Cases ¶ 62,034], 575 F.2d 440, 447 (3d Cir.1978). For these reasons, courts have dismissed antitrust claims which are based on alleged violations of other laws. See, e.g., Telectronics Proprietary, Ltd. v. Medtronic, Inc. [1988-1 Trade Cases ¶ 68,082], 687 F.Supp. 832, 837 (S.D.N.Y.1988) (Section One claim dismissed where only basis for claim was that defendant "allegedly engaged in a conspiracy to violate the Medicare laws"); Action Ambulance Serv., Inc. v. Atlanticare Health Servs., Inc. [1993-1 Trade Cases ¶ 70,220], 815 F.Supp. 33, 37-38 (D.Mass.1993) (alleged violations of Medicare and Medicaid laws could not constitute antitrust violations). Plaintiff's claims that Defendants violated RESPA do not state a claim under Section One of the Sherman Act. Therefore, Counts Two and Three are dismissed with prejudice.

C. *Count Four*

**\*3** Count Four of the Complaint is alleged only against Defendants Edina Realty and Coldwell Banker. Plaintiff contends that these Defendants engaged in separate vertical price-fixing schemes. A number of flaws are present in Plaintiff's claim. First, Section One "does not reach conduct that is 'wholly unilateral.' " Copperweld Corp. v. Independence Tube Corp., 467 U.S. 752, 768 (1984) (citation omitted).

Second, as a competitor of Defendants, Northwest Title lacks standing to bring a price-fixing claim "unless it results in predatory pricing." Atlantic Richfield Co. v. U.S.A. Petroleum Co. [1990-1 Trade

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp. Page 3
Not Reported in F.Supp., 1993 WL 593995 (D.Minn.), 1994-1 Trade Cases P 70,485
**(Cite as: Not Reported in F.Supp.)**

Cases ¶ 69,019], 495 U.S. 328, 110 S.Ct. 1884, 1891-92 (1990). In *Atlantic Richfield* the Supreme Court specifically distinguished its prior decision in Albrecht v. Herald Co. [1968 Trade Cases ¶ 72,373], 390 U.S. 145 (1968), upon which Plaintiff attempts to rely. The Supreme Court pointed out that the agreement in *Albrecht* constituted a *per se* violation of the antitrust laws "because of its potential effects on dealers and consumers, not because of its effect on *competitors.*" 110 S.Ct. at 1890. The Court then reiterated its decision in Matsushita Elec. Indus. Co. v. Zenith Radio Corp. [1986-1 Trade Cases ¶ 67,004], 475 U.S. 574, 585 n. 8 (1986), which stated that a competitor "may not complain of conspiracies that ... set minimum prices at *any* level." *Id.*

D. *Count Five*

In Count Five of the Complaint, Plaintiff alleges that Defendants have conspired to monopolize the title insurance and settlement services market in violation of Section Two of the Sherman Act. When alleging Section Two violations, plaintiffs must plead and prove that a single force in the market has sufficient market share to exercise monopoly power or that there is "a dangerous probability of achieving monopoly power." Spectrum Sports, Inc. v. McQuillan [1993-1 Trade Cases ¶ 70,096], 113 S.Ct. 884, 891 (1993); United States v. Empire Gas Corp. [1976-1 Trade Cases ¶ 60,907], 537 F.2d 296, 305 (8th Cir.1976). In its memorandum in opposition, Plaintiff admits that it has not alleged a horizontal conspiracy among the three defendants. Given this admission, Plaintiff appears to argue that three separate entities have separately and successfully attempted to monopolize the same market. This argument is illogical, for if three different parties acting individually are succeeding in the market, there is certainly no "dangerous probability" of one of them achieving monopoly power, and they are not united to form a single monopolistic force.

Plaintiff's heavy reliance on Key Enterprises of Delaware, Inc. v. Venice Hosp. [1990-2 Trade Cases ¶ 69,280], 919 F.2d 1550 (11th Cir.1990), vacated [1992-2 Trade Cases ¶ 70,040], 979 F.2d 806 (11th Cir.1992), is misguided. That case has been vacated by the Eleventh Circuit and is no longer good law. Because Plaintiff has failed to state a claim upon which relief can be granted, Count Five is dismissed with prejudice.

E. *Counts Six Through Eight*

**\*4** Because no claims remain over which this Court has original jurisdiction, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. 28 U.S.C. § 1367(c)(3). Plaintiff's state law claims (Counts Six through Eight) are therefore dismissed without prejudice.

Accordingly, It Is Hereby Ordered That:
1. Defendants' Motion to Dismiss is Granted; and
2. Counts One, Six, Seven, and Eight are Dismissed Without Prejudice; and
3. Counts Two, Three, Four, and Five are Dismissed With Prejudice.

Let Judgment Be Entered Accordingly.

> FN1. These counts also include claims under the Minnesota antitrust laws and the Minnesota Deceptive Trade Practices Act (MDTPA). The relevant portions of the Minnesota antitrust statute correspond directly with the federal antitrust provisions and thus do not merit separate discussion. See Sports and Travel Marketing, Inc. v. Chicago Cutlery Co., 811 F.Supp. 1372, 1384 n. 18 (D.Minn.1993). The MDTPA claims are also raised in Count Six and will be considered in conjunction with that count.

D.Minn.,1993.
Northwest Title and Escrow Corp. v. Edina Realty, Inc.
Not Reported in F.Supp., 1993 WL 593995 (D.Minn.), 1994-1 Trade Cases P 70,485

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.