**Issued by the**
# UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

PRECISION CPAP, INC.; MEDICAL PLACE, INC.; PHASE III VANS, INC., d/b/a EAST MEDICAL EQUIPMENT AND SUPPLY; and MED-EX,

    Plaintiffs,

v.

JACKSON HOSPITAL; MED-SOUTH, INC.; JMS HEALTH SERVICES, L.L.C., d/b/a JACKSON MED-SOUTH HOME HEALTH, L.L.C.; BAPTIST HEALTH, INC.; AMERICAN HOME PATIENT, INC.; BAPTIST VENTURES-AMERICAN HOME PATIENT,

    Defendants.

**SUBPOENA IN A CIVIL CASE**

Case Number: 2:05-CV-1096-MHT-DRB

TO: Lincare Inc.
c/o The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, AL 36109

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

■ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Any and all documents as identified in Schedule A attached hereto.

| PLACE | DATE AND TIME |
|---|---|
| Office of James E. Williams, Esq., Melton, Espy & Williams, PC 301 Adams Avenue Montgomery, AL 36104 | August 30, 2006   2:00 p.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| ATTORNEY FOR DEFENDANTS _/s/ Glenn B. Rose_ | August 7, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Glenn B. Rose
Harwell Howard Hyne Gabbert & Manner, P.C.
315 Deaderick Street, Suite 1800
Nashville, Tennessee 37238
Telephone Number: 615-256-0500
gbr@h3gm.com

(see Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|
| 8-7-04 | Uncave |

SERVED: Laura Payne

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Christina Brown | Legal assistant |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  8-7-04
DATE

_Christina A. Br___
SIGNATURE OF SERVER

301 Adams Ave
ADDRESS OF SERVER

Montgomery, AL 36104

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

369733-1

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PRECISION CPAP, INC.; MEDICAL PLACE, INC.; PHASE III VANS, INC., d/b/a EAST MEDICAL EQUIPMENT AND SUPPLY; and MED-EX, <br><br>Plaintiffs, <br><br>vs. <br><br>JACKSON HOSPITAL; MED-SOUTH, INC.; JMS HEALTH SERVICES, L.L.C., d/b/a JACKSON MED-SOUTH HOME HEALTH, L.L.C.; BAPTIST HEALTH, INC.; AMERICAN HOME PATIENT, INC.; BAPTIST VENTURES-AMERICAN HOME PATIENT, <br><br>Defendants. | Civil Action No. <br><br>2:05-CV-1096-MHT-DRB |

## RULE 45 SUBPOENA DUCES TECUM TO LINCARE INC.
## SCHEDULE A

**Definitions**

*"You"* means Lincare Inc., its divisions, affiliated entities (including, without limitation, parent, subsidiary, and sibling corporations), predecessors, successors, and any other business acquired by you for which you maintain any records.

*"DME equipment and/or services"* means all services and products (whether furnished on a rental basis or sold) that can be used or provided in the home and that are furnished for medical purposes. It includes, but is not limited to: hospital beds, walkers, wheelchairs, mobility assistance devices, respiratory equipment, oxygen systems, inhalation drugs, nebulizers, respiratory assist devices, orthotics and prosthetics, rehabilitation equipment, vehicle modifications, ambulatory aids, bathroom aids, sleep aids, enteral nutrition services, respiratory

and infusion therapies and all disposable or consumable items associated with such equipment, services or therapies.

*"Refer"* or *"Referral"* means a recommendation or other act of encouragement (regardless of whether such recommendation results from a policy or practice of an entity or individual or is made by an employee or other representative of an entity that has no policy or standard practice regarding such recommendations) that a patient select you to supply or meet his or her need for DME equipment and/or services. This definition acknowledges that individual patients choose their healthcare providers, including the entity that will provide their DME equipment and/or services, but assumes that sometimes a patient's decision is influenced by a recommendation or referral from some person or entity.

*"Montgomery/Prattville area"* means Montgomery and Prattville, Alabama and areas within a 25-mile radius of those cities.

**Demand for Documents**

1.   For each year from 2000 to the present, produce documents sufficient to show all trade names or other names under which you have provided DME equipment and/or services in the Montgomery/Prattville area.

**RESPONSE:**




2.   For each year from 2000 to the present, produce documents showing the total number of patients referred to all places of business that you operate (or did operate) in the

Montgomery/Prattville area regarding the provision of DME equipment and/or services from each of the following (including any department, division or unit thereof): Jackson Hospital, Baptist South, Baptist East, Baptist Prattville, and all other referral sources, as well as the total number of patients served by you for whom there was no referral source. Note that the information regarding referrals from "all other referral sources" may be provided on a collective basis or in a manner that shows referrals from each source other than Jackson Hospital, Baptist South, Baptist East, and Baptist Prattville.

**RESPONSE:**




3.     For each year from 2000 to the present, produce documents sufficient to show your total revenue from the provision of DME equipment and/or services generated by all places of business that you operate (or did operate) in the Montgomery/Prattville area.

**RESPONSE:**




4.     For each year from 2000 to the present, produce documents sufficient to show your revenue from the provision of DME equipment and/or services by all places of business that you operate (or did operate) in the Montgomery/Prattville area to patients referred from each of the following (including any department, division or unit thereof): Jackson Hospital, Baptist South, Baptist East, Baptist Prattville, and all other referral sources, as well as your revenue from patients served by you for whom there was no referral source. Note that the information

regarding revenue from referrals from "all other referral sources" may be provided on a collective basis or in a manner that shows revenue from referrals from each source other than Jackson Hospital, Baptist South, Baptist East, and Baptist Prattville.

**RESPONSE:**