IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PRECISION CPAP, INC.; MEDICAL ) <br> PLACE, INC.; PHASE III VANS, INC.,) <br> d/b/a EAST MEDICAL EQUIPMENT ) <br> AND SUPPLY; and MED-EX,           ) <br>                                                        ) <br>             Plaintiffs,                     ) <br>                                                        ) <br> vs.                                                  ) <br>                                                        ) <br> JACKSON HOSPITAL; MED-SOUTH,) <br> INC.; JMS HEALTH SERVICES,) <br> L.L.C., d/b/a JACKSON MED-SOUTH) <br> HOME HEALTH, L.L.C.; BAPTIST) <br> HEALTH, INC.; AMERICAN HOME) <br> PATIENT, INC.; BAPTIST VENTURES-) <br> AMERICAN HOME PATIENT,         ) <br>                                                        ) <br>             Defendants.                   ) <br>                                                        ) | Civil Action No. <br> 2:05-CV-1096-MHT-DRB <br> JUDGE THOMPSON <br> MAGISTRATE BOYD |

**DEFENDANTS BAPTIST HEALTH, INC., AMERICAN HOME PATIENT, INC. AND BAPTIST VENTURES-AMERICAN HOME PATIENT'S RESPONSE IN OPPOSITION TO MOTION OF LINCARE, INC. TO QUASH SUBPOENA**

Defendants Baptist Health, Inc. ("Baptist"), American Home Patient, Inc. ("AHP") and Baptist Ventures-American Home Patient ("Baptist-AHP") hereby respond to Lincare, Inc. ("Lincare")'s Motion to Quash Subpoena. For the reasons set forth below, Lincare's motion should be denied.

This is an antitrust case. In every antitrust case, the scope and size of the relevant market is a critical issue. Defendants assert that the relevant market in this case is all providers of DME equipment and services, including respiratory therapy, located within the Montgomery/Prattville area. In order to determine the size of this market, Defendants Baptist and Baptist-AHP need discovery from non-parties such as Lincare that provide services within this area.

Lincare is a company whose stock is publicly traded. As such, Lincare routinely files reports with the Securities and Exchange Commission setting forth detailed information regarding its business. For example, Lincare's Form 10k Report, filed on March 8, 2006, reflects that Lincare operates over 800 facilities providing DME equipment and/or services to patients in 47 states. This report is available at www.sec.gov. The report includes detailed financial statements reflecting Lincare's total revenues, expenses by category and net income. The report lists the principal products and services provided by Lincare, indicates the percentage of its revenues derived from the Medicare and Medicaid programs, private insurance and direct payment; and separates the portions of its total revenue derived from oxygen and respiratory therapy from the portion derived from sales and rentals of DME equipment.

On information and belief, a small number of the centers operated by Lincare are located within the Montgomery/Prattville area. Defendants issued a Subpoena for documents related to the volume of business Lincare conducted with customers in the Montgomery/Prattville since 2001. A copy of the Subpoena at issue is attached as Exhibit A to this response.

Given the nature and volume of information provided by Lincare in its public filings, requiring Lincare to provide similar information in connection with this litigation regarding its few centers operated in the Montgomery/Prattville area is neither unreasonable nor particularly burdensome. The information, however, is vital to Defendants' defense of this action, assuming their pending motion to dismiss is not granted. The information sought from Lincare will be critical for the construction of a complete picture of the relevant antitrust market in this litigation. A thorough understanding of the relevant antitrust market is, in turn, necessary to properly evaluate Plaintiffs' claims.

Defendants emphasize that the Subpoena issued to Lincare consists of only four demands, seeking documents that demonstrate the number of patients referred from various sources and the amount of revenue derived from those referrals. Defendants took efforts to narrowly tailor the Subpoena to minimize the burden imposed upon Lincare to comply, while obtaining the minimum information needed to defend this case.

Lincare raises five objections to the Subpoena, which Defendants address here in turn:

1. Lincare claims that the due date set out in the Subpoena fails to allow a reasonable time for compliance. However, Lincare acknowledges that counsel for Lincare is "working with" counsel for Defendants, and Defendants have explained that they are willing to grant an extension to Lincare if it is necessary for Lincare's compliance.

2. Lincare claims that the Subpoena requires the disclosure of privileged and other protected matter, and that there are not exceptions or waivers applicable in this matter. However, the Subpoena issued to Lincare includes statutorily-mandated language setting out a mechanism under which a Subpoena recipient may assert a privilege as to information sought through the Subpoena.[1] Defendants to do not contest Lincare's right to assert valid privileges, but Lincare may not use privilege as a basis to avoid any response to the Subpoena.

3. Lincare claims that compliance would be unduly burdensome, asserting that the Subpoena is "vague and difficult to interpret," and that no provision has been made or offered with regard to reimbursement for the costs of compliance. As noted above, Lincare acknowledges that counsel for Lincare is "working with" counsel for Defendants; to the extent

---

[1] See Fed. R. Civ. Pro. 45(d)(2): "When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim."

that Lincare finds the Subpoena difficult to interpret, Defendants are willing to clarify what materials are being sought.

More importantly, Defendants contest that providing the requested documents would be unduly burdensome. Lincare's Form 10k report brags about the capabilities of its management information systems and about Lincare's access to information on *a center-by-center* basis. That report provides:

> The systems provide management with critical information on a timely basis to measure and evaluate performance levels company-wide. Management reviews monthly reports including revenues and profitability by individual center, accounts receivable and cash collection performance, equipment controls and utilization, customer activity and manpower trends. We have an in-house staff of computer programmers, which enables us to continually enhance our computer systems in order to provide timely financial and operational information and to respond promptly to change in reimbursement regulations and policies.

Form 10K filed March 8, 2006, pp. 2-3. This description shows that Lincare has, or can easily obtain from its in-house staff of programmers, the limited information requested by Defendants in connection with their defense of this litigation.

4. Lincare claims that the relevant information sought by the Subpoena can be more easily obtained from the Defendants. However, even at best, Defendants have access to only a small piece of the information sought under the Subpoena. While each Defendant hospital may have records of some of the referrals made to Lincare by hospital staff, it will not have records of the revenue generated by Lincare from such referrals. Furthermore, the Subpoena seeks information about referrals to Lincare from sources other than the Defendant hospitals, as well as non-referral business; such information is critical to an understanding of the relevant market in this litigation, and is not available from any other source.

5. Lincare claims that the Subpoena requires disclosure of trade secrets or other commercial information to a direct competitor. Defendants note that Lincare is a publicly-traded

company, and that revenue information, while typically aggregated, is often publicly disclosed. That being said, Defendants fully recognize the sensitive nature of some of the information sought by the Subpoena, and acknowledged as much in a letter to Lincare. Defendants would not expect any party to provide such information without the benefit of a protective order. Defendants shared with Lincare a draft of the protective order that is currently under negotiation, and explained that as to any confidential material produced by Lincare in response to the Subpoena, Lincare would also be entitled to the benefit of the protective order.

In summary, Lincare has not advanced any legitimate basis for quashing the Subpoena. Defendants are willing to be flexible as to the details of Lincare's compliance, but if the Court finds that this case should go forward, the information sought in the Subpoena will be necessary to evaluate Plaintiffs' claims.   Lincare's motion should be denied.

WHEREFORE, Defendants Baptist, AHP and Baptist-AHP respectfully request that the Court deny Lincare's Motion to Quash and grant Defendants such other relief as the Court deems appropriate.

Dated this 22nd day of August 2006.

    Respectfully submitted,

    HARWELL HOWARD HYNE
    GABBERT & MANNER, P.C.

    By:/s/ Glenn B. Rose
    Glenn B. Rose, Esq. (TN #10598)
    J. David McDowell, Esq. (TN #24588)
    315 Deaderick Street, Suite 1800
    Nashville, Tennessee 37238
    Telephone:  615-256-0500
    Facsimile:  615-251-1058
    Email:  gbr@h3gm.com or jdm@h3gm.com

    and

James E. Williams, Esq., ASB-9283-W84J
Melton, Espy & Williams, PC
301 Adams Avenue
Montgomery, AL 36104
Telephone: 334-263-6621
Facsimile: 334-269-9515
Email: jwilliams@mewlegal.com

Attorneys for Baptist Health, Inc., American Home Patient, Inc. and Baptist Ventures-American Home Patient

## CERTIFICATE OF SERVICE

I hereby certify that on this the 22nd day of August, 2006, a true copy of the foregoing was sent via electronic dissemination by the ECF filing system or by facsimile to the following persons:

Gregory S. Ritchey, Esq.
Ritchey & Ritchey, P.A.
P.O. Drawer 590069
Birmingham, AL  35259-0069
Facsimile: (205) 271-3111

Brian M. Clark
Wiggins, Childs, Quinn & Pantazis
The Kress Building
301 19th Street North
Birmingham, AL 35203
Facsimile: (205) 254-1500
Email: bclark@wcqp.com

Dwayne L. Brown, Esq.
5926 Carmichael Road, Suite C
Montgomery, AL 36123-0205
Facsimile: (334) 277-3613
Email: dbrown@dbrownatty.com

Mike Carlson / ASB-5825-A62W
William Carlson & Associates, P.C.
Post Office Box 660955
Birmingham, AL 35266
Telephone: (205) 823-1842
Facsimile: (205) 823-8242
Email: wtcpilot@bellsouth.net

- 7 -

Dennis R. Bailey / ASB-4845-I71D
Rushton, Stakely, Johnston & Garrett, P.A.
184 Commerce Street
Montgomery, AL 36104
Telephone: (334) 206-3100
Facsimile: (334) 262-6277
Email: drb@rsjg.com

                                        /s/ Glenn B. Rose
                                          Glenn B. Rose