IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PRECISION CPAP, INC.; MEDICAL PLACE, INC.; PHASE III VANS, INC., d/b/a EAST MEDICAL EQUIPMENT AND SUPPLY; and MED-EX,<br><br>Plaintiffs,<br><br>vs.<br><br>JACKSON HOSPITAL; MED-SOUTH, INC.; JMS HEALTH SERVICES, L.L.C., d/b/a JACKSON MED-SOUTH HOME HEALTH, L.L.C.; BAPTIST HEALTH, INC.; AMERICAN HOME PATIENT, INC.; BAPTIST VENTURES-AMERICAN HOME PATIENT,<br><br>Defendants. | Civil Action<br><br>No.   2:05-CV-1096-MHT-DRB |

## AGREED PROTECTIVE ORDER

Pursuant to agreement of the parties, as indicated by the signatures of counsel below, and in accord with the provisions of Rule 26(c) of the Federal Rules of Civil Procedure, the Court recognizes that discovery responses may include and depositions may elicit confidential information, and finds that such information should be subject to a Protective Order.

IT IS THEREFORE ORDERED, that the parties will be bound by the following protective order:

### DEFINITIONS

1. "Confidential Information" is defined as any material designated "Confidential" or "Confidential-Counsel Only" or any material which contains "Confidential Health Information," which may include but is not limited to material so designated or appearing in: (1) "documents"; (2) "discovery responses"; (3) pleadings; or (4) "testimony." "Documents" include all writings,

recordings and photographs as defined by Federal Rule of Evidence 1001, including originals and all copies thereof, in whatever form maintained or produced. "Discovery responses" include "documents" produced in response to subpoenas issued pursuant to Rule 45 of the Federal Rules of Civil Procedure, Requests for Production, or by agreement of the parties, responses to Interrogatories, and responses to Requests for Admission. "Testimony" includes all testimony given under oath in this proceeding, all transcripts, recordings or videotapes thereof, and all "documents" referred to therein.

2. A "Designating Party" is the party or entity who designates material produced by it as "Confidential" or "Confidential—Counsel Only."

3. A "Disclosing Party" is any party or person who discloses, in any manner whatsoever, any "Confidential Information."

4. The "Agreement" is the Agreement attached hereto as **Exhibit A**.

5. The "Court" refers to the undersigned Court governing this proceeding.

6. "Permitted Persons" include all "Counsel-Only Permitted Persons" and:

   a. a witness who is an employee of a Designating Party, when he/she is to be questioned regarding information the "Designating Party" has designated as "Confidential" from the Designating Party, each of whom shall be required to sign the Agreement prior to any disclosure;

   b. the parties and officers and employees of the parties to this litigation, to the extent reasonably necessary for the evaluation and prosecution or defense of claims in this litigation and/or in conjunction with an audit conducted by or on behalf of Plaintiff or Defendant herein, each of whom shall be required to sign the Agreement prior to any disclosure;

  c. any other persons, on such terms and conditions as the parties may agree to in writing, or as directed by further Order of the Court, each of whom shall be required to sign the Agreement prior to any disclosure.

7. "Counsel-Only Permitted Persons" are:

  a. named counsel of record for the parties to this litigation, partners, shareholders and employees of counsel of record and their firms who are assisting in prosecution or defense of this litigation, each of whom shall be required to sign the Agreement prior to any disclosure;

  b. expert witnesses or consultants and their employees who are assisting them, who have been engaged by counsel for a party to assist in prosecution or defense of this action, each of whom shall be required to sign the Agreement prior to any disclosure;

  c. court reporters, each of whom shall be required to sign the Agreement prior to any disclosure;

  d. a mediator selected or agreed-upon by the parties, who shall be required to sign the Agreement prior to any disclosure;

  e. the Court and its staff, under such safeguards as the Court may direct;

  f. senders or recipients of the original document who are specified on the face of the document if, in the reasonable and good faith belief of the party's counsel, it is necessary for legitimate discovery or litigation purposes, each of whom shall be required to sign the Agreement prior to any disclosure; and

  g. a witness who is an employee of a Designating Party, only when he/she is to be questioned regarding information the Designating Party has designated as

"Confidential—Counsel Only" from the Designating Party, each of whom shall be required to sign the Agreement prior to any disclosure.

8.  "Disclosure," "disclose," "disclosed" and "disclosing" mean disclosure in any way or manner, including but not limited to allowing any review of "Confidential Information" by persons not authorized by this Order to review it, or by verbally or in any written form either directly or indirectly communicating the content or substance of any "Confidential Information" to persons not authorized by this Order to review it.

## SCOPE OF ORDER

Except as otherwise ordered by the Court, this Order shall apply to all "Confidential Information."

9.  "Confidential Information" must be used solely and exclusively for purposes of this case, and then only in accord with the provisions of this Order. Such information may not be used in or for other cases, proceedings or disputes, or for any commercial, business, competitive or any other purpose.

10. Nothing in this Order shall be deemed to restrict in any way the use of any document or other information that is lawfully obtained by or publicly available to a party independent of discovery in this litigation.

## PROCEDURE FOR DESIGNATING "CONFIDENTIAL INFORMATION"

11. Any disclosing party may designate information provided by that party as "Confidential" or "Confidential—Counsel Only" under the following conditions:

   a.  Material may be designated "Confidential" when a party reasonably and in good faith believes that it contains financial, proprietary, technical, commercial or competitively sensitive information or trade secrets, the disclosure of which might harm

the competitive position or business interests of the Designating Party, including, but not limited to, information which is not known to the general public and/or the Designating Party's competitors in the industry.

b.    Material may also be designated "Confidential" when it contains personal information which is of a nature which, if disclosed, could invade the legitimate privacy interests of the person to whom the document pertains. This includes "Confidential Health Information," without regard to whether the material has been designated "Confidential," that identifies an individual in any manner and relates to the past, present, or future care, services, or supplies relating to the physical or mental health or condition of that individual, the provision of health care to that individual, or the past, present, or future payment for the provision of health care to that individual. "Confidential Health Information" specifically includes "Protected Health Information" ("PHI"), as that term is defined by the Standards for Privacy of Individually Identifiable Health Information, 45 C.F.R. parts 160 and 164, promulgated pursuant to the Health Insurance Portability and Accountability Act of 1996, *see* 45 C.F.R. §§ 160.130 ("health information"'), 164.501 ("individually identifiable health information"), and thus, includes, without limitation medical bills, claims forms, charges sheets, medical records, medical charts, test results, notes, dictation, invoices, itemized billing statements, remittance advice forms, explanations of benefits, checks, notices, and requests, and also includes all notes, summaries, compilations, extracts, abstracts, or oral communications that contain, are based on, or are derived from Confidential Health Information.

c.    Material may also be designated "Confidential—Counsel Only," if it is "Confidential" and the Designating Party shows that it is highly sensitive for business or

commercial reasons, and that disclosure could result in a competitive advantage to any party to the litigation or a competitive disadvantage to the Designating Party.

12. The designation may be done by any of the following methods:

   a. "Confidential Information" contained in a "document," a "discovery response" or a pleading may be designated as such by stamping or otherwise marking the page of the "document," "discovery response" or pleading containing the "Confidential Information" with a **"Confidential"** or **"Confidential—Counsel Only"** notation.

   b. "Confidential Information" revealed in a deposition, trial or other testimony, whether by way of question, answer or exhibit, may be designated "Confidential" or "Confidential—Counsel Only" by either noting the claim of confidentiality pursuant to this Order on the record at the time of the testimony, or by making such a claim within thirty (30) days of receipt of the transcript by the deponent/witness, by designating in writing which portions of the transcript and/or accompanying exhibits are "Confidential" or "Confidential—Counsel Only." All transcripts shall be treated as if they contain "Confidential Information" until at least thirty (30) days after receipt of the transcript by the deponent/witness.

13. Any portions of pleadings or other documents containing "Confidential Information " which are filed with the Court shall be labeled **"Confidential"** or **"Confidential—Counsel Only."**

14. A copy of each signed Agreement must be maintained by counsel of any disclosing party, and copies of the Agreements shall be forwarded to the Designating Party's counsel upon request, except as to Agreements signed by purely consulting experts or third-party disclosing parties. Agreements signed by purely consulting experts shall be maintained by any disclosing

party securing their signature on the Agreement. Agreements signed by third-party disclosing parties must be submitted to all persons designated as counsel on the penultimate page of this Order.

15.     The "Confidential Information" may be used at any pre-litigation proceeding or litigation proceeding, subject to any additional Protective Orders that the Court may enter.

16.     "Confidential Information" which is inadvertently disclosed may subsequently be designated as "Confidential" or "Confidential—Counsel Only" by notifying counsel for the party to whom the material was disclosed, in writing, of the inadvertent nature of the disclosure. Such material shall be treated as "Confidential Information" subsequent to the notification of the inadvertent disclosure.

## PROCEDURE FOR CHALLENGING DESIGNATION OF "CONFIDENTIAL INFORMATION"

17.     Any party who wishes to challenge another party's or a third-party's designation of information as "Confidential" or "Confidential—Counsel Only" shall proceed as follows:

    a.     Counsel shall confer in a good faith effort to resolve any disagreement as to the use or designation of information as "Confidential" or "Confidential—Counsel Only";

    b.     If the conference fails, the challenging party may file an appropriate motion with the Court that identifies by category and/or document number (Bates-label) the information as to which relief is sought;

    c.     Until the motion is ruled upon by the Court, any designation of "Confidential" or "Confidential—Counsel Only" shall remain in full force and effect and the information so designated shall be treated as "Confidential Information" in accord with this Order.

18.  A failure to challenge the propriety of a designation of "Confidential" or "Confidential—Counsel Only" at the time the designation is made shall not preclude or detract from a subsequent challenge.

**PROCEDURE FOR DISCLOSURE AND USE OF "CONFIDENTIAL INFORMATION"**

19.  Except with the prior written consent of the Designating Party, material designated as "Confidential" may not be disclosed in any way, except to the "Permitted Persons," each of whom shall be required to sign the Agreement prior to any disclosure.

20.  Except with the prior written consent of the Designating Party, material designated as "Confidential—Counsel Only" may not be disclosed in any way, except to the "Counsel-Only Permitted Persons," each of whom shall be required to sign the Agreement prior to any disclosure.

21.  It is the responsibility of counsel for each party to maintain material designated as "Confidential" obtained from any Designating Party in a secure manner, so as to allow access only to "Permitted Persons," and in the case of "Confidential—Counsel Only" material, so as to allow access only to "Counsel-Only Permitted Persons."

22.  Prior to any disclosure of "Confidential Information" in a deposition, all persons in attendance shall be alerted to the impending disclosure. Non-"Permitted Persons" and/or non-"Counsel-Only Permitted Persons" shall be excused. "Permitted Persons" and/or "Counsel-Only Permitted Persons" shall be given a copy of this Order and shall sign the Agreement before the deposition is continued. Failure to follow this procedure is not a waiver of any party's right to designate the transcript and accompanying exhibits as "Confidential Information." The court reporter shall return the original deposition transcript and all notes used for making the transcript

in a sealed envelope marked "**Confidential**" or "**Confidential—Counsel Only**" to the attorney noticing the deposition.

23. All "Confidential Information" that is submitted to the Court or used in any proceeding before the Court shall remain subject to this Order. A party desiring to use information designated as "Confidential" or "Confidential—Counsel Only " in any proceeding before the Court in a fashion that would reveal its contents to non-Permitted Persons in the case of information designated as "Confidential," or to non-"Counsel-Only Permitted Persons," in the case of information designated as "Confidential—Counsel Only," shall provide the Designating Party with at least ten (10) days' notice of that intent, to enable the Designating Party to seek any additional protection that it may desire.

24. In the event that any "Confidential Information" is used in good faith in any litigation proceeding in this action where a party requests the Court to act based, in whole or in part, on the Information provided by that party to the Court, such Information shall lose its status as "Confidential Information" for purposes of that proceeding only and in connection with a party's use of such Information in that proceeding, and subject to the provisions in para. 23 above. The parties shall, however, abide by the terms of this Order and shall take all reasonable steps to maintain the confidentiality of such Information for all other purposes.

## MISCELLANEOUS

25. Nothing in this Order shall be interpreted as limiting a party's obligation to produce discoverable information. This Order is intended to permit production of information, and is without prejudice to the right of any party to apply to the Court for any further order of

protection that it believes necessary or to object on any appropriate grounds to any discovery requests.

26. The inadvertent or unintentional disclosure of "Confidential Information" shall not be construed as a waiver of the producing party's claim of confidentiality as to the specific information disclosed or as to any related information.

27. Designation of any information as "Confidential" or "Confidential—Counsel Only" shall have no effect with respect to any substantive or evidentiary issues in this proceeding, and the designation or attempt to designate any information as "Confidential" or "Confidential—Counsel Only" shall not be admitted in evidence in this proceeding.

28. The parties may by written stipulation provide for exceptions to this Order.

29. Nothing in this Order shall preclude a Designating Party from seeking modification of this Order.

30. Neither the termination of this litigation nor the termination of employment of any person who had access to any "Confidential Information" shall relieve any person from the obligation to adhere to the restrictions on use of "Confidential Information" set forth in this Order and the Agreement.

31. The protection of this Order shall extend to any third-party that produces or discloses information pursuant to a subpoena or an agreement with a party to this litigation, provided that the third-party executes and submits to all persons designated as counsel on the penultimate page of this Order a copy of the Agreement at Exhibit A.

## PROCEDURE AFTER RESOLUTION

32. Within sixty (60) days after the conclusion of this matter (including any appellate proceedings), all "Confidential Information," including all copies made of same, except as specified below, shall be destroyed by the recipient or returned to the Designating Party, at the election of the Designating Party. All notes, drafts, memoranda, documents, work papers and other materials prepared by attorneys or experts that contain or reflect the content of any "Confidential Information" may be destroyed or retained by the attorneys or the experts, but if retained must be treated in accord with this Order.

33. The provisions of this Order shall remain in full force and effect after the entry of final judgment in this case (including any appellate proceedings).

34. The Court will retain jurisdiction, both before and after entry of final award in this case, to construe, enforce and amend the provisions of this Order.

## ENFORCEMENT

35. Except as otherwise provided herein, all parties and persons to whom "Confidential Information" is disclosed are enjoined from using "Confidential Information," except in conjunction with prosecution of claims or defenses in this litigation, and are further enjoined from disclosing "Confidential Information" to any other person, except in accord with the provisions of this Order.

36. Breach of the provisions of this Protective Order shall be subject to sanctions as authorized by statute, rule and the inherent power of the Court.

366752-2

ENTERED this ____ day of _____, 2006.

                                                                               Judge Myron H. Thompson

Approved for Entry:

| By: _____ | By: _____ |
|---|---|
| Glenn B. Rose, Esq. (TN #10598)<br>J. David McDowell, Esq. (TN #24588)<br>Harwell Howard Hyne Gabbert & Manner, P.C.<br>315 Deaderick Street, Suite 1800<br>Nashville, Tennessee 37238<br>Telephone: (615) 256-0500<br>Facsimile: (615) 251-1059<br>gbr@h3gm.com<br><br>Attorneys for Defendants American Home Patient, Inc. and Baptist Ventures-American Home Patient | James E. Williams / ASB-9283-W84J<br>Melton, Espy & Williams, PC<br>301 Adams Avenue<br>Montgomery, AL 36104<br>Telephone: (334) 263-6621<br>Facsimile: (334) 269-9515<br>jwilliams@mewlegal.com<br><br>Attorneys for Defendants Baptist Health, American Home Patient, Inc. and Baptist Ventures-American Home Patient |
| By: _____<br><br>Mike Carlson / ASB-5825-A62W<br>William Carlson & Associates, P.C.<br>Post Office Box 660955<br>Birmingham, AL 35266<br>Telephone: (205) 823-1842<br>Facsimile: (205) 823-8242<br>wtcpilot@bellsouth.net<br><br>Attorneys for Defendants JMS Health Services, L.L.C. dba Jackson Med-South Home Health L.L.C. and Med-South, Inc. | By: _____<br><br>Dennis R. Bailey / ASB-4845-I71D<br>Rushton, Stakely, Johnston & Garrett, P.A.<br>184 Commerce Street<br>Montgomery, AL 36104<br>Telephone: (334) 206-3100<br>Facsimile: (334) 262-6277<br>drb@rsjg.com<br><br>Attorneys for Defendants Jackson Hospital and JMS Health Services, L.L.C. dba Jackson Med-South Home Health L.L.C. |
| By: _____<br><br>Brian M. Clark<br>Wiggins, Childs, Quinn & Pantazis<br>The Kress Building<br>301 19th Street North<br>Birmingham, AL 35203<br>bclark@wcqp.com<br><br>Attorneys for Plaintiffs | By: _____<br><br>_____<br>_____<br>_____<br>_____<br>_____<br><br>Attorneys for _____ |

## **EXHIBIT A: AGREEMENT**

I have read the Agreed Protective Order concerning the records and testimony produced by the respective parties and non-parties in the case of *Precision CPAP, Inc.; Medical Place, Inc.; Phase III Vans, Inc., D/B/A East Medical Equipment and Supply; and Med-Ex v. Jackson Hospital; Med-South, Inc.; JMS Health Services, L.L.C., D/B/A Jackson Med-South Home Health, L.L.C.; Baptist Health, Inc.; American Home Patient, Inc.; Baptist Ventures-American Home Patient* (Case No. 2:05-CV-1096) in the United States District Court for the Middle District of Alabama, and agree to abide by its terms. I further agree to submit to the jurisdiction of the Court in that matter, for purposes of enforcement of the Agreed Protective Order, and any ancillary proceedings regarding its interpretation, enforcement or effect.

SIGNED this _____ day of _____, 200__.

Signed: _____

Name: _____

Address: _____
_____
_____

Phone No.: _____